IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 4:11-CV-296 |
| | § | |
| $89,828.79 IN U.S. CURRENCY and | § | |
| $45,000.68 IN U.S. CURRENCY | § | |
| | § | |
| Defendant *In Rem*. | § | |

## COMPLAINT FOR FORFEITURE

The United States of America ("the Government") files this complaint for forfeiture against $89,828.79.00 in U.S. currency and $45,000.68 in U.S. currency in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the Supplemental Rules), alleging as follows:

I.

This Court has subject matter jurisdiction of this cause of action by virtue of the provisions of 28 U.S.C. §§ 1345 and 1355(a).  The Court has *in rem* jurisdiction because of 28 U.S.C. § 1355(b).  Venue is proper under 28 U.S.C. §§ 1355(b)(1) and 1395(b).

**Complaint for Forfeiture (Ruiz) - Page 1**

II.

The statutory bases for this suit are 31 U.S.C. §§ 5317(c)(2) and 5324(a).  Also applicable are 18 U.S.C. § 983 and Rule G of the Supplemental Rules.

III.

On or about November 18, 2010, $45,000.68 in U.S. currency was seized by warrant within the Northern District of Texas from Wells Fargo Bank, 6707 Brentwood Stair Road, Tarrant County, Fort Worth, Texas.  On or about November 19, 2010, $89,828.79 in U.S. currency was seized by warrant within the Northern District of Texas from National Bank of Texas, 2535 NE 28th Street, Fort Worth, Tarrant County, Texas.

On November 19, 2010, proceedings regarding these two amounts of funds ("the Defendant property") were approved for administrative forfeiture by the Department of the Treasury, Internal Revenue Service-Criminal Investigations (IRS-CI).  The Defendant property was turned over to the Department of the Treasury on December 28, 2010 for the institution of administrative forfeiture proceedings and was deposited in the Treasury Suspense account with the Internal Revenue Service Headquarters Customs Suspense Account in New York, New York.

IV.

This action *in rem* is being brought in the United States District Court pursuant to the provisions of 18 U.S.C. § 983(a)(3)(A), because **Segundo Ruiz ("Ruiz")** filed a claim to the Defendant property with IRS-CI on February 2, 2011, after receiving notice of the IRS-CI's administrative forfeiture proceeding.

**Complaint for Forfeiture (Ruiz) - Page 2**

V.

The names and last known addresses of any known possible claimants to the

Defendant property are:

> **Segundo Ruiz**
> **3902 Mount Vernon Ave.**
> **Fort Worth, Texas  76103**
>
> **Segundo Ruiz**
> **d/b/a JUM Auto Sales**
> **2722 Purington**
> **Fort Worth,  Texas  76103**
>
> **Roberta Ruiz**
> **3902 Mount Vernon Ave.**
> **Fort Worth, Texas  76103**

Attorney Michael Egan, 11520 North Central Expressway, Suite 237, Dallas,  Texas

75243, represents Ruiz in the IRS-CI's administrative forfeiture proceeding.

VI.

The Defendant property is subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2)

because it was involved in, or traceable to property involved in, a violation or violations of

31 U.S.C. § 5324(a).  Facts justifying this forfeiture are more fully set forth in the

Verification Affidavit of  IRS-CI Special Agent Alan Hampton, attached hereto and

incorporated herein as Exhibit "A."

VII.

WHEREFORE, the Government requests the following:

(a)     the District Clerk issue a warrant for the arrest of the Defendant property pursuant

to Rule G(3)(b)(I) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

(b)     the Defendant property be arrested by the U.S. Department of the Treasury, as provided by Rule G(3)(c) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

(c)     publication of notice of the complaint for forfeiture be made by posting notice on the official Government Internet site www.forfeiture.gov for at least 30 consecutive days, in accordance with Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

(d)     notice pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions be sent to any person reasonable appearing to be a known potential claimant, advising the person of the date of notice; the deadline for filing a claim (35 days after notice is sent); that an answer or motion under Rule 12(b) must be filed no later than 21 days after the filing of the claim; and the name of the Government's attorney to be served with the claim and answer;

(e)     after all proceedings are had on this complaint for forfeiture, that the Defendant property be condemned by judgment and order of this Court and declared and decreed to be forfeited to the Government according to law;

(f)     all costs and expenses incurred by the Government in obtaining the condemnation and forfeiture of the Defendant property be appropriately taxed against any person

or entity who may file a verified claim and answer herein, and/or if more than one

person or entity files a verified claim and answer herein be jointly taxed and

prorated among them, as the Court deems just and equitable; and

(g)    the Government have such other and further relief, at law or in equity, to which it

may show itself justly entitled.


Respectfully submitted,

JAMES T. JACKS
UNITED STATES ATTORNEY

**s/  Steven Jumes**
Assistant United States Attorney
Texas State Bar Number 00796854
Burnett Plaza, Suite 1700
801 Cherry St., Unit 4
Ft. Worth,  Texas 76102
Telephone: 817.252.5251
Facsimile: 817.978.3094
**steve.jumes@usdoj.gov**